# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRISTINE D. LESKO**, as Administratrix of the Estate of Kenneth James Lesko, | CIVIL ACTION NO. 1:18-CV-64 |
| **Plaintiff** | (Chief Judge Conner) |
| v. | |
| **OLD DOMINION FREIGHT LINE**, *et al.*, | |
| **Defendants** | |

## MEMORANDUM

Plaintiff Cristine D. Lesko filed the instant action on behalf of the estate of her late husband, Kenneth James Lesko ("Lesko"), pursuant to Pennsylvania's Wrongful Death Act, 42 PA. CONS. STAT. § 8301, and Pennsylvania's Survival Act, 42 PA. CONS. STAT. § 8302. Plaintiff asserts that defendants' negligence caused a series of multi-vehicle accidents that resulted in her husband's death. Defendants New Prime, Inc. ("New Prime") and Kristyn Mitchell ("Mitchell") (collectively, the "New Prime defendants") move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will deny the motion.

## I. Factual Background & Procedural History

This action arises out of a series of multi-vehicle accidents that occurred on February 13, 2016, on the westbound lanes of Interstate 78 ("I-78") in Lebanon

County, Pennsylvania.[1]  (Doc. 36 ¶ 63).  Several initial collisions caused a complete blockage of the I-78 westbound lanes.  (Id. ¶¶ 64-81).  Subsequent to these early collisions, Mitchell, driving a tractor-trailer owned by New Prime, allegedly "lost control of her tractor-trailer and improperly veered into the median."  (Id. ¶ 83).  Plaintiff alternatively pleads that a tractor-trailer operated by defendant Old Dominion Freight Line hit the New Prime tractor-trailer, forcing it into the median.[2]  (Id. ¶¶ 83-84).

Lesko was traveling westbound on I-78 as a passenger in a 2015 Dodge Ram.  (Id. ¶¶ 86-87).  Observing the collisions ahead, the driver of Lesko's vehicle pulled over and situated the vehicle partially on the berm of the highway and partially in the median.  (Id. ¶ 88).  A tractor-trailer, operated by defendant Clarence Herman, then struck the rear end of Lesko's vehicle, causing it to collide with Mitchell's tractor-trailer.  (Id. ¶¶ 89-91).  After this accident, another tractor-trailer, operated by defendant Daniel Mollenkopf, also struck the rear end of Lesko's vehicle.  (Id. ¶ 92).  As a result of these collisions, Lesko suffered injuries which led to his death.  (Id. ¶ 93).

Plaintiff commenced this action alleging fifteen counts of negligence against all defendants under Pennsylvania law, subsequently filing an amended complaint

---

[1] In her amended complaint, plaintiff does not describe the relevant weather conditions on February 13, 2016.  (See Doc. 36).  For helpful context, we note that a plaintiff in a related federal case before this court alleges the existence of "windy and snowy" conditions on the day of the accident.  New Prime, Inc. v. Transervice Logistics, Inc., No. 1:18-CV-226, Doc. 8 ¶ 51 (M.D. Pa. Feb. 12, 2018).

[2] At this stage of the litigation, Lesko may plead alternative theories of liability.  FED. R. CIV. P. 8(a).

on February 2, 2018.  New Prime and Mitchell move together to dismiss the negligence claims against them (Count X and XI, respectively) under Federal Rule of Civil Procedure 12(b)(6).  The motion is fully briefed and ripe for disposition.

## II. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual

allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

Pennsylvania provides for a private cause of action "to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 PA. CONS. STAT. § 8301(a). A wrongful death cause of action exists "only for the benefit of the spouse, children or parents of the deceased" and not for the benefit of the decedent's estate. Id. § 8301(b); PA. R. CIV. P. 2202(a); Hodge v. Loveland, 690 A.2d 243, 246 (Pa. Super. Ct. 1997) (citations omitted). A survival action may be brought by the administrator of a decedent's estate "to recover the loss to the estate of the decedent resulting from the tort." Kiser v. Schulte, 648 A.2d 1, 4 (Pa. 1994); see 42 PA. CONS. STAT. § 8302. Plaintiff's claims against the New Prime defendants brought pursuant to the Wrongful Death Act and the Survival Act sound in negligence.

To state a claim for negligence under Pennsylvania law, a plaintiff must plead: "(1) a duty of care; (2) [a] breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006); see also Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 61 (3d Cir. 2009). As to the causation element, a plaintiff must allege that the breach of a defendant's duty was

4

the actual and proximate cause of the injuries. McCullough v. Peeples, No. 3:14-CV-123, 2015 WL 1000223, at *3 (W.D. Pa. Mar. 5, 2015) (citing Summers v. Giant Food Stores, Inc., 743 A.2d 498, 509 (Pa. Super. Ct. 1999)).

Actual or "but for" cause exists when "the alleged injury would not have occurred but for a certain act or presence of a condition." Id. (internal quotation marks and citations omitted). Actual causation is a "de minimis standard of causation," requiring a plaintiff to identify only a "remote and insignificant force" as the cause of an event. Gen. Refractories Co. v. First State Ins. Co., 855 F.3d 152, 161 (3d Cir. 2017) (quoting Takach v. B. M. Root Co., 420 A.2d 1084, 1086 (Pa. Super. Ct. 1980)). Proximate cause exists when the defendant's wrongful actions were a "substantial factor" in causing the plaintiff's harm. Rost v. Ford Motor Co., 151 A.3d 1032, 1049 (Pa. 2016). A plaintiff has not adequately pled proximate cause if "the casual chain of events resulting in plaintiff's injury is so remote as to appear highly extraordinary that the conduct could have brought about the harm." McCullough, 2015 WL 1000223, at *3 (quoting Dudley v. USX Corp., 606 A.2d 916, 923 (Pa. Super. Ct. 1992)). The New Prime defendants challenge the sufficiency of the amended complaint only as to the breach and proximate cause elements.

It is undisputed that, as a motorist, Mitchell owed Lesko a duty of reasonable care.[3] See Sellers v. Township of Abington, 67 A.3d 863, 874-75 (Pa. Cmmw. Ct. 2013) (citing Lewis v. Wood, 93 A. 605, 606 (Pa. 1915)). Plaintiff cites numerous

---

[3] The court recognizes that New Prime and Mitchell are separate defendants. However, the New Prime defendants present no argument about the allegations specific to New Prime. (See Doc. 68; Doc. 36 ¶ 123(n)-(r)). They instead focus solely on the merits of the factual allegations against Mitchell.

5

reasons why Mitchell "improperly veered" into the median including, *inter alia*, that Mitchell failed to account for "prevailing traffic and weather conditions" and that she was operating the vehicle at an unsafe speed and in a careless manner. (Doc. 36 ¶ 126(a)-(m)). These allegations sufficiently plead a breach of Mitchell's duty of reasonable care to other motorists.

The New Prime defendants also contend that plaintiff did not sufficiently allege proximate cause. Plaintiff claims that Mitchell's failure to drive safely caused the New Prime tractor-trailer to improperly stop in the median, and because of that improper stop, Lesko's car was forced into the New Prime tractor-trailer resulting in injuries and ultimately his death. Taken as true, plaintiff's factual allegations plausibly identify Mitchell's purported wrongful conduct as a substantial factor in causing Lesko's injuries.

## IV. Conclusion

The court will deny the New Prime defendants' motion (Doc. 66) to dismiss. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: November 30, 2018