# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRISTINE D. LESKO**, as Administratrix of the Estate of Kenneth James Lesko, | : CIVIL ACTION NO. 1:18-CV-64 <br> : <br> : (Chief Judge Conner) |
| **Plaintiff** | : |
| v. | : |
| **OLD DOMINION FREIGHT LINE**, *et al.*, | : |
| **Defendants** | : |

## MEMORANDUM

Plaintiff Cristine D. Lesko filed the instant action on behalf of the estate of her late husband, Kenneth James Lesko ("Lesko"), pursuant to Pennsylvania's Wrongful Death Act, 42 PA. CONS. STAT. § 8301, and Pennsylvania's Survival Act, 42 PA. CONS. STAT. § 8302. Plaintiff asserts that defendants' negligence caused a series of multi-vehicle accidents that resulted in her husband's death. Defendant U.S. Xpress, Inc. ("U.S. Xpress") and defendant Daimler Trust ("Daimler") (collectively, the "moving defendants") each move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We will deny the motions.

## I.  Factual Background & Procedural History

This action arises out of a series of multi-vehicle accidents that occurred on February 13, 2016, on the westbound lanes of Interstate 78 ("I-78") in Lebanon

County, Pennsylvania.[1]  (Doc. 36 ¶ 63).  Several initial collisions caused a complete blockage of the I-78 westbound lanes.  (Id. ¶¶ 64-81).  Subsequent to these early collisions, a tractor-trailer driven by defendant Kristyn Mitchell ("Mitchell") came to a stop in the I-78 median.  (Id. ¶¶ 83-84).

Lesko was traveling westbound on I-78 as a passenger in a 2015 Dodge Ram.  (Id. ¶¶ 86-87).  Observing the collisions ahead, the driver of Lesko's vehicle pulled over and situated the vehicle partially on the berm of the highway and partially in the median.  (Id. ¶ 88).  A tractor-trailer operated by defendant Clarence Herman ("Herman") then struck the rear end of Lesko's vehicle, causing the vehicle to collide with Mitchell's tractor-trailer in the median.  (Id. ¶¶ 89-91).  After this accident, a different tractor-trailer, operated by another defendant, also struck the rear of Lesko's vehicle.  (Id. ¶ 92).  As a result of these collisions, Lesko suffered injuries which led to his death.  (Id. ¶ 93).  Plaintiff alleges that each of three defendants—Total Transportation of Mississippi LLC ("Total Transportation"), U.S. Xpress, and Daimler—was "the titled owner, registered owner, lessee, and/or lessor" of the tractor-trailer driven by Herman.  (Id. ¶¶ 44, 47, 50).

Plaintiff commenced this action alleging fifteen counts of negligence against all defendants under Pennsylvania law, subsequently filing an amended complaint on February 2, 2018.  U.S. Xpress and Daimler each move to dismiss the negligence claim (Count XII) concerning their alleged role in the multi-vehicle accident under

---

[1] In her amended complaint, plaintiff does not describe the relevant weather conditions on February 13, 2016.  (See Doc. 36).  For helpful context, we note that a plaintiff in a related federal case before this court alleges the existence of "windy and snowy" conditions on the day of the accident.  New Prime, Inc. v. Transervice Logistics, Inc., No. 1:18-CV-226, Doc. 8 ¶ 51 (M.D. Pa. Feb. 12, 2018).

2

Federal Rule of Civil Procedure 12(b)(6). The motions are fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a

3

plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Discussion

Pennsylvania provides for a private cause of action "to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 PA. CONS. STAT. § 8301(a). A wrongful death cause of action exists "only for the benefit of the spouse, children or parents of the deceased" and not for the benefit of the decedent's estate. Id. § 8301(b); PA. R. CIV. P. 2202(a); Hodge v. Loveland, 690 A.2d 243, 246 (Pa. Super. Ct. 1997) (citations omitted). A survival action may be brought by the administrator of a decedent's estate "to recover the loss to the estate of the decedent resulting from the tort." Kiser v. Schulte, 648 A.2d 1, 4 (Pa. 1994); see 42 PA. CONS. STAT. § 8302. Plaintiff's claims against the moving defendants brought pursuant to the Wrongful Death Act and the Survival Act sound in negligence.

4

To state a claim for negligence under Pennsylvania law, a plaintiff must plead: "(1) a duty of care; (2) [a] breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006); see also Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 61 (3d Cir. 2009). The moving defendants contend that the amended complaint improperly names them as owners of the tractor-trailer driven by Herman. They also argue that no employment or agency relationship exists between Herman and either U.S. Xpress or Daimler.

The amended complaint adequately sets forth negligence claims against the moving defendants. It is undisputed that, as a motorist, Herman owed Lesko a duty of reasonable care. See Sellers v. Township of Abington, 67 A.3d 863, 874-75 (Pa. Cmmw. Ct. 2013) (citing Lewis v. Wood, 93 A. 605, 606 (Pa. 1915)). Herman allegedly acted negligently by operating the tractor-trailer in a careless manner and unlawful manner, especially under the prevailing weather and traffic conditions, and by failing to take reasonable measures to avoid a collision. (Doc. 36 ¶ 132). As purported owners, lessees, or lessors of that tractor-trailer, the moving defendants may be responsible for Herman's negligence. (Id. ¶¶ 129, 132). Plaintiff also alleges that the moving defendants acted negligently independent of Herman's conduct by failing to (1) hire qualified commercial drivers, (2) train and supervise said drivers, (3) implement and enforce policies for safe operation of tractor-trailers, and (4) properly inspect and maintain said tractor-trailers. (Id. ¶¶ 129(m)-(q)). Plaintiff claims that this confluence of negligent behavior caused Herman's tractor-trailer to strike Lesko's vehicle, leading to Lesko's death. (Id. ¶¶ 130, 133).

5

The moving defendants provide affidavits setting forth their respective lack of ownership interest in the tractor-trailer and the absence of any employment or agency relationship with Herman. (See Doc. 81-1 ¶¶ 3-5, 9-10; Doc. 82-2 ¶¶ 5-6, 8). U.S. Xpress also submits a registration document for the at-issue tractor-trailer purporting to set forth which companies own and operate the tractor-trailer. (Doc. 81-1 at 4). Consideration of these documents is inappropriate at the Rule 12 stage because plaintiff did not attach said documents to her amended complaint, nor is there any evidence that her negligence claims are based upon these documents. See Mayer, 605 F.3d at 230.

The moving defendants also point to Total Transportation's admissions in its answer to the amended complaint. They aver that Total Transportation is the "owner of the involved tractor trailer" and thus the proper defendant. (Doc. 100 at 5-6; Doc. 101 at 5-6). *Per contra*, Total Transportation specifically denies being the title owner of the at-issue tractor-trailer and further denies "act[ing] by itself and by and through its . . . agents, servants, and/or employees." (Doc. 36 ¶¶ 43-44; Doc. 74 ¶¶ 43-44). Total Transportation only admits that it leased the at-issue tractor-trailer and that Herman was operating said tractor-trailer "within the course and scope of his employment with Total Transportation." (Doc. 36 ¶¶ 44, 52-53; Doc. 74 ¶¶ 44, 52-53). Taken as true, plaintiff's factual allegations plausibly identify the moving defendants as possible owners, lessees, or lessors of the tractor-trailer driven by Herman.

**IV.　Conclusion**

The court will deny the moving defendants' motions (Docs. 81, 82) to dismiss. An appropriate order shall issue.

　/S/ CHRISTOPHER C. CONNER　
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:　　November 30, 2018